IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

RUSSELL K. HUNT                                                                        PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:20-cv-00093-GHD-JMV

CITY OF OLIVE BRANCH                                                          DEFENDANT

OPINION GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Presently before the Court is the Defendant's motion [10] to dismiss the Plaintiff's claims for lack of subject matter jurisdiction. Upon due consideration, the court finds that the motion should be granted and the Plaintiff's claims dismissed without prejudice.

On March 26, 2020, the Plaintiff, who is proceeding *pro se*, filed his complaint [1] in this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. 1332 as the basis for federal jurisdiction in this real property dispute. The City moves to dismiss, arguing that the amount in controversy requirement for diversity jurisdiction is not met.

In 2018, the Plaintiff purchased a 3.09 acre tract of land in Olive Branch, Mississippi, that had been abandoned and previously purchased at a tax sale for $154.50. At the time of the Plaintiff's purchase, the City's drainage system, as well as a natural stream and ditch, were present on the property. The Plaintiff avers that the City is "using pipelines and gutters" on the property owned by the Plaintiff without providing him compensation [1]. The Plaintiff further avers that the City's nearby retaining pond is eroding his property without permission [1]. The Plaintiff seeks to have the Defendant City "buy the pipes, gutters and right of ways for maintenance" and "fix erosion" on the property [1].

1

As the Defendant notes in its motion, while the Plaintiff seeks an unspecified amount of damages, the Plaintiff has recently listed the entire 3.09 acre tract of property, which has a present tax value of $309.00 and annual tax payment of $6.28, for sale in 2020 for $35,000. The Plaintiff has likewise offered to sell the entire tract to the City of Olive Branch for amounts between $25,000 and $35,000. The property has failed to sell for any of those amounts. The Defendant has now filed the present motion to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, because the requisite amount in controversy requirement has not been met.

To establish diversity jurisdiction under 28 U.S.C. 1332(a), a party must set forth facts showing that the amount in controversy exceeds $75,000.00 and is between citizens of different states. 28 U.S.C. 1332(a)(1). The party seeking to invoke federal diversity jurisdiction, in this case the Plaintiff, bears the burden of demonstrating both that the parties are diverse and that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The Plaintiff avers that he is a citizen of the State of California, and that the parties are thus diverse, thereby meeting the "citizens of different states" prong for diversity jurisdiction [1].

As the Defendant has demonstrated in its motion and exhibits, however, the amount in controversy requirement is not met and thus the Court does not possess subject matter jurisdiction over this dispute. The evidence before the Court indicates that the subject entire tract of property itself is worth, at most, $35,000.00, and most likely worth far less than that amount. The Plaintiff seeks only a fraction of that amount in damages, however, further reducing the amount in controversy and falling even further short of the $75,000.00 minimum jurisdictional requirement. Accordingly, the Plaintiff has failed to meet his burden to demonstrate that the amount in controversy in this matter exceeds $75,000.00. Thus, the Court rules that it does not possess

subject matter jurisdiction to adjudicate this dispute, and the Defendant's motion to dismiss [10] shall be granted and this matter dismissed.[1]

An order in accordance with this opinion shall issue this day.

THIS, the 25th day of March, 2021.

SENIOR U.S. DISTRICT JUDGE

---

[1] The Court notes that the Plaintiff did not assert the existence of federal question jurisdiction under 28 U.S.C. 1331 nor did he identify any potential federal claims in his complaint. In any event, Mississippi state law provides a potential remedy pursuant to the Takings Clause under Article 3, Section 17 of the Mississippi Constitution. *City of Tupelo v. O'Callaghan*, 208 So. 3d 556, 561-62 (Miss. 2017); *State ex rel Hosemann v. Murphy*, 202 So. 3d 1243, 1251 (Miss. 2016).

3